IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICHOLAS CELLI, JONATHAN LALLY, TIFFANY FINCH, and RUSSELL SMITH individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> PROGRESSIVE CASUALTY INSURANCE COMPANY <br><br> Defendant. | Civil Action No. <br><br><br> **JURY DEMANDED** |

## COLLECTIVE AND CLASS ACTION COMPLAINT

### I. INTRODUCTION

1. This lawsuit seeks overtime pay for employees of Defendant Progressive Casualty Insurance Company ("Progressive") who assist with the process of receiving and processing claims under various property and casualty insurance policies. Progressive classifies these employees as salaried exempt employees, but they do not fall under any exemption under federal and state overtime requirements. In particular, Plaintiffs bring these claims on behalf of employees who are referred to as "Managed Repair Representatives" ("MRR") and "File Owner", two subsets of a broader classification of employees at Progressive known as Claims Generalist Associates ("CGA"). Plaintiffs bring their federal overtime claim on behalf of these employees who have worked for Progressive in either of these positions during the past three years, who

1

may choose to opt in to this case pursuant to the federal Fair Labor Standards Act, 29 U.S.C. § 216(b), *et seq.* ("FLSA"),[1] and Plaintiff Celli brings state overtime claims for all MRRs who have worked in New York under the New York labor law, New York Labor Law, N.Y. Lab. Law Article 19 §§ 650, et seq., and Article 6, §§ 195 and 198, and the supporting New York State Department of Labor Regulations, and Plaintiff Lally brings state overtime claim for all MRRs who have worked in Massachusetts under the Massachusetts Overtime Law, M.G.L. ch. 151 § 1A.

## II. JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 and  29 U.S.C. § 216(b).

3.      Venue is proper in this district under 28 U.S.C. § 1391(b)-(c) because acts or omissions giving rise to claims in this Complaint took place in this judicial district.

---

[1]      This case follows two previous FLSA collective actions brought against Progressive: Carlone v. Progressive Casualty Ins. Co, C.A. No. 3:12-cv-00207 (Young, J.), and Bubel v. Progressive Casualty Ins. Co, C.A. No. 3:14-cv-00162 (Young, J.).  In those cases, File Owners (in Carlone) and MRRs (in Bubel) likewise contended that Progressive had misclassified them as salaried exempt employees who were in fact non-exempt and entitled to overtime.  Both cases were conditionally certified under §216(b) of the FLSA, and notice was sent to other File Owners and MRRs across the country, notifying them that they could opt-in to join the cases and seek to recover overtime that the plaintiffs contended they were owed.

After 759 employees opted in to join those cases, the cases settled in July 2015, in a court-approved collective action settlement.  Only those employees who had opted in to those cases were participants in and received payments under the settlement.  However, even following the litigation and settlement of those cases, Progressive has not changed its policy of classifying these workers as overtime-exempt employees.  As a result, Plaintiffs here have brought this action in order to challenge again Progressive's continued classification of File Owners and MRRs as exempt employees and seek to recover backpay overtime wages that are owed to these employees.  Plaintiffs recognize that the employees who participated in the previous settlement would not be able to recover backpay for the period prior to the release date of that settlement.

### III. THE PARTIES

4. Plaintiff Nicholas Celli is an individual residing in Massapequa, New York. He worked as an MRR for Defendant from approximately 2008 to December 2016.

5. Plaintiff Jonathan Lally is an individual residing in Milford, Massachusetts. He has worked as an MRR for Defendant from approximately 2007 through the present.

6. Plaintiff Tiffany Finch is an individual residing in Houston, Texas. She worked as a File Owner for Defendant from approximately September 2013 through September 2015.

7. Plaintiff Russell Smith is an individual residing in West Jordan, Utah. He worked as a File Owner for Defendant from approximately March 2011 through September 2015.

8. Defendant Progressive Casualty Insurance Company is a corporation organized and existing under the laws of the state of Ohio. Its principal office is located in Mayfield Village, Ohio.

### IV. STATEMENT OF FACTS

9. At all relevant times, Plaintiffs Celli and Lally worked as MRRs for Progressive in New York and Massachusetts. This job is also referred to as "Claims Adjuster Auto Damage." There are hundreds of MRRs employed around the country who share a common job title and duties. As of February 2017, Defendant had posted on its website, www.progressive.com, a total of twenty-eight (28) job postings for "Claims Adjuster Auto Damage" (a/k/a MRR) in fifteen (15) states throughout the country. All nineteen (19) job

3

descriptions are identical.

10. Progressive also utilizes a common job description for its MRRs. This job description states that the "day-to-day" duties of an MRR include:

- Determines repair parts, time and labor required to complete repair or if instead the vehicle is a total loss;
- Negotiates agreed price with repair shops;
- Manages the repair facility performance on timeliness and repair quality;
- Responds to customer inquiries regarding the process;
- Maintains accurate documentation of the repair process by completing timely estimates, supplements, and inspections;
- Coordinates the disposal process of salvaged vehicles/parts

11. MRRs' primary duties do not render them exempt under any recognized exemption to the FLSA or New York Overtime Law, or Massachusetts Overtime Law.

12. For example, the Department of Labor's Field Operation Handbook, which provides interpretations of applicable regulations, states with regard to auto damage appraisers that:

> Appraisers whose functions are to inspect damaged motor vehicles in order to estimate the cost of the necessary repairs, and who also reached an "agreed" price with the repair shop on the cost of repairs, do not customarily and regularly exercise discretion and independent judgment as required by Reg. 541.2.

Thus, according to the Department of Labor's own guidelines, the duties of MRRs as described by Progressive do not require the regular exercise of discretion or independent judgment such that they would qualify as exempt from overtime according

4

the administrative exemption to the Fair Labor Standards Act.  <u>See</u> 29 C.F.R. § 541.200.

13. Progressive also employs throughout the country hundreds of File Owners (which is a related job category to MRR and a subset of the position of Claims Generalist Associate), who share a common job title and duties.  At all relevant times, Plaintiffs Finch and Smith worked as File Owners for Progressive.  Progressive utilizes a common job description for File Owners, which states that File Owners are "accountable for":

- Response Matrix Compliance.

- Initial and ongoing file assessment(s) and action plan(s) to include clear, time-bound expectations for customers regarding next steps.

- Timely initial contact with relevant parties.

- Establishing themselves as primary point of contact for customers.

- Informing the customers they may be contacted by a Managed Repair Representative (MRR) for repair related issues.  The File Owner remains the person the customer can rely upon to provide or find the information the customer needs

- Completing and communicating timely and accurate coverage and liability decisions.

- Appropriate exposure recognition and reserve adjustment as needed.

- Accurate damages assessment for all exposures not triaged to a MRR.

- Compliance with File Owner Repair Process Protocols based on customer repair situation.

- Verifying paid damages are consistent with reported facts of loss and point(s) of impact.

- Completing non-estimatic field tasks such as police report pick up, scene investigations, cold calls etc.

- Maintaining and documenting the hard copy and electronic file by utilizing Claim Station and minimizing rework.

14. File Owners' primary duties do not render them exempt under any recognized exemption to the FLSA.

15. MRRs and File Owners, including Plaintiffs, routinely work more than 40 hours per week but are not paid any additional compensation for the hours they work beyond 40 each week.

16. MRRs perform the same primary duties throughout New York and Massachusetts and nationwide. They are uniformly trained by Defendant. They perform their duties through the use of the same computer system and protocols. Their work is measured by the same set of standards developed by the corporate office and carried out uniformly in Progressive's various locations.

17. File Owners also perform the same primary duties nationwide. They are uniformly trained by Defendant. They perform their duties through the use of the same

computer system and protocols. Their work is measured by the same set of standards developed by the corporate office and carried out uniformly in Progressive's various locations.

18.     In December 2006, Defendant classified all persons within the general job category of "Claims Generalist Associate," including all MRRs and File Owners, as exempt from the overtime requirements of the FLSA.

19.     Subsequently, in 2008, Defendant reorganized its claims department and created new specialist positions which performed subsets of the duties of the former Claims Generalist Associate position. The new positions included File Owners and MRRs (a/k/a "Claims Adjuster").

20.     At no time has Defendant revisited its December 2006 exempt classification of these employees, even though the primary duties of Plaintiffs and all other MRRs and File Owners do not make them overtime exempt employees.

## COUNT ONE

## FAILURE TO PAY OVERTIME IN VIOLATION OF THE FLSA

21.     Plaintiffs bring this count on behalf of themselves and all other MRRs and File Owners at all Progressive locations throughout the country who have held these positions during the past three years who may choose to opt-in to this case.

22.     Plaintiffs bring this count under 29 U.S.C. § 216(b) of the Fair Labor Standards Act. Plaintiffs and the other MRRs and File Owners are similarly situated in that they share similar job duties and are all subject to Progressive's common plan or practice of

designating them as exempt from the overtime requirements of the FLSA when in fact their work does not qualify them for exempt status.

23.  Defendant's conduct in classifying these employees as exempt from overtime pay is a willful violation of the Fair Labor Standards Act, 29 U.S.C. Sections 201 *et seq.*

24.  Defendant was put on notice, at least as of the filing of the complaints in <u>Carlone v. Progressive Casualty Insurance Co</u>., C.A. No. 3:12-cv-00207 (D. Conn.) in 2012 and <u>Bubel v. Progressive Casualty Insurance Co</u>., C.A. No. 3:14-cv-00162 (D. Conn.) in 2014, that its MRRs and File Owners may be misclassified as exempt from overtime.

25.  However, upon information and belief, Defendant has taken no affirmative action since that time to determine whether its MRRs and/or File Owners are properly classified as exempt from overtime.

26.  Plaintiffs and other similarly situated MRRs and File Owners who opt into this litigation are entitled to compensation for all overtime hours worked, liquidated damages, attorneys' fees, and court costs.

## COUNT TWO

## THE NEW YORK CLASS

27.  Plaintiff Celli brings this count on behalf of himself and other MRRs who have worked in New York at any time since six years prior to the filing of this case.

28.  Plaintiff Celli bring this count under New York Labor Law, N.Y. Lab. Law Article 19 §§ 650, et seq., and Article 6, §§ 195 and 198, and the supporting New York State Department of Labor Regulations as a class claim, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

29. The members of the Rule 23 class are readily ascertainable, because the number and identity of the New York Rule 23 class members are determinable from Defendant's records.

30. The class members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

31. Plaintiff Celli's claims are typical of those claims which could be alleged by any class member, and the relief sought is typical of the relief which would be sought by each New York Rule 23 class member in separate actions. All the New York Rule 23 class members were subject to the same corporate policy of Defendant, as alleged herein, of failure to pay overtime for hours worked over 40 in one week.

32. Plaintiff Celli and other Rule 23 class members sustained similar losses, injuries, and damages resulting from Defendant's failure to pay overtime in compliance with New York law. Plaintiff and Rule 23 class members have all been injured in that they have not been paid overtime for hours worked over 40 in one week, due to Defendant's common policy. These corporate-wide policies and practices affected all Rule 23 class members similarly, and Defendant benefitted from the same type of unfair and/or wrongful acts as to each of the Rule 23 class members.

33. Plaintiff Celli is able to fairly and adequately protect the interests of the New York Rule 23 class members and has no interests antagonistic to Rule 23 class members. Plaintiff Celli is represented by attorneys who are experienced and

competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

34. A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants, and are often hesitant to assert their rights out of fear of direct or indirect retaliation. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

35. Common questions of law and fact exist as to the Rule 23 class members that predominate over any questions only affecting the Plaintiffs and the Rule 23 class members individually. These questions include whether MRRs were properly classified as overtime exempt.

## COUNT THREE

**FAILURE TO PAY OVERTIME IN VIOLATION OF THE MASSACHUSETTS CLASS**

36. Plaintiff Lally brings this count on behalf of himself and other MRRs who have worked in Massachusetts at any time since three years prior to the filing of this case.

37. Plaintiff Lally bring this count under Massachusetts Overtime Law, M.G.L. ch. 151 §1A, as a class claim, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

38. The members of the Rule 23 class are readily ascertainable, because the number and identity of the Massachusetts Rule 23 class members are determinable from Defendant's records.

39. The class members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

40. Plaintiff Lally's claims are typical of those claims which could be alleged by any class member, and the relief sought is typical of the relief which would be sought by each Massachusetts Rule 23 class member in separate actions. All the Massachusetts Rule 23 class members were subject to the same corporate policy of Defendant, as alleged herein, of failure to pay overtime for hours worked over 40 in one week.

41. Plaintiff Lally and other Rule 23 class members sustained similar losses, injuries, and damages resulting from Defendant's failure to pay overtime in compliance with Massachusetts law. Plaintiff and Rule 23 class members have all been injured in that they have not been paid overtime for hours worked over 40 in one week, due to Defendant's common policy. These corporate-wide policies and practices affected all Rule 23 class members similarly, and Defendant benefitted from the same type of unfair and/or wrongful acts as to each of the Rule 23 class members.

42. Plaintiff Lally is able to fairly and adequately protect the interests of the Massachusetts Rule 23 class members and has no interests antagonistic to Rule 23

class members. Plaintiff Lally is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

43. A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants, and are often hesitant to assert their rights out of fear of direct or indirect retaliation. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

44. Common questions of law and fact exist as to the Rule 23 class members that predominate over any questions only affecting the Plaintiffs and the Rule 23 class members individually. These questions include whether MRRs were properly classified as overtime exempt.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs request that this Court ender the following relief:

a. Designation of this action as a collective action pursuant to the FLSA and prompt issuance of notice pursuant to 29 U.S.C. Section 216(b);

b. An award of unpaid overtime wages under the Fair Labor Standards Act;

c. An award of liquidated damages under the Fair Labor Standards Act;

d. Attorneys' fees and costs under the Fair Labor Standards Act;

e. Certification of a class action for Plaintiff Celli's New York Overtime Law claims on behalf of all MRRs who worked for Defendant in New York during the last six years pursuant to Fed. R. Civ. P. 23;

f. An award of unpaid overtime for the New York class pursuant to NYLL.

g. Liquidated damages for the New York class pursuant to NYLL;

h. Attorneys' fees and costs for the New York class pursuant to NYLL;

i. Certification of a class action for Plaintiff Lally's Massachusetts Overtime Law claims on behalf of all MRRs who worked for Defendant in Massachusetts during the last three years pursuant to Fed. R. Civ. P. 23;

j. An award of unpaid overtime for the Massachusetts class pursuant to M.G.L. ch. 151 § 1A;

k. Treble damages for the Massachusetts class pursuant to M.G.L. ch. 151 § 1B;

l. Attorneys' fees and costs for the Massachusetts class pursuant to M.G.L. ch. 151 § 1B;

m. Such other relief as in law or equity may pertain.

## JURY DEMAND

Plaintiffs demand a trial by jury by all issues so triable.

Respectfully submitted,

NICHOLAS CELLI, JONATHAN LALLY, TIFFANY FINCH, and RUSSELL SMITH, individually and on behalf of all others similarly situated,

By their attorneys,

/s/ Jill Kahn
Jill Kahn
Shannon Liss-Riordan, *pro hac vice anticipated*
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994 – 5800
sliss@llrlaw.com

Richard E. Hayber, *pro hac vice anticipated*
Hayber Law Firm, LLC
221 Main Street, Suite 502
Hartford, CT 06106
(860) 522-8888
rhayber@hayberlawfirm.com

February 28, 2017