**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, New York 10178
(212) 309-6000 (Telephone)
(212) 309-6001 (Fax)
*Attorneys for Defendant Progressive Casualty Insurance Company*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
NICHOLAS CELLI, JONATHAN LALLY,　　　　　:
TIFFANY FINCH and RUSSELL SMITH,　　　　　:
*individually and on behalf all others similarly*　:
*situated*,　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Plaintiffs,　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　:　　　2:17-cv-01144-SJF-GRB
v.　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　:　　　***Electronically Filed***
PROGRESSIVE CASUALTY INSURANCE　　　　　:
COMPANY,　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Defendant.　　　　　　　　　　　　:
------------------------------------------------------------X

### DEFENDANT PROGRESSIVE CASUALTY INSURANCE COMPANY'S ANSWER AND DEFENSES TO PLAINTIFFS' COLLECTIVE AND CLASS ACTION COMPLAINT

Defendant Progressive Casualty Insurance Company ("Defendant," "Progressive" or the "Company"), by and through its attorneys, Morgan, Lewis & Bockius LLP, hereby answers Plaintiffs Nicholas Celli, Jonathan Lally, Tiffany Finch and Russell Smith's ("Plaintiffs") Collective and Class Action Complaint (the "Complaint") (at Docket No. 1) in accordance with the numbered Paragraphs thereof as set forth below.  Defendant further avers that any allegation by Plaintiffs of being similarly situated to each other or to others constitutes a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies that Plaintiffs are similarly situated to each other or to anyone else and denies all allegations insofar as they assert or imply that collective and/or class treatment is appropriate to this action, and, without repeating it in each instance, Defendant intends for this position to apply in each instance

in which Plaintiffs allege that they are similarly situated to anyone and/or that class and/or collective treatment is appropriate.

## I.      INTRODUCTION[1]

1.      Defendant avers that the allegations set forth in Paragraph 1 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant admits that Plaintiffs are or were employed with Defendant as Claims Generalist Associates ("CGAs") and/or Managed Repair Representatives ("MRRs") for certain periods, that CGAs and MRRs who perform their positions as expected by Defendant are properly classified as exempt from overtime and that Plaintiffs purport to bring overtime claims against Defendant on behalf of themselves and other individuals employed as MRRs and/or CGAs with Defendant during the past three years who opt in to this action pursuant to the Fair Labor Standards Act ("FLSA").  Defendant further admits that, as limited by the description set forth in footnote 1 of the Complaint, Plaintiff Celli purports to bring overtime claims pursuant to the New York Labor Law ("NYLL") and related regulations on behalf of himself and other individuals employed by Defendant as MRRs in New York, and that Plaintiff Lally purports to bring overtime claims pursuant to the Massachusetts Overtime Law ("MOL") on behalf of himself and other individuals employed by Defendant as MRRs in Massachusetts.  Defendant denies that it is liable under any statute, regulation, common law principle or legal theory, denies that Plaintiffs are similarly situated to each other or to anyone else and denies all allegations insofar as they assert or imply that collective and/or class treatment is appropriate to this action.

---

[1] Plaintiffs' Complaint contains several headings.  Defendant does not consider these to be substantive allegations within the Complaint to which a responsive pleading is required. However, to the extent a responsive pleading is required, Defendant denies any and all allegations contained within any heading of the Complaint.

Defendant denies any remaining allegations set forth in Paragraph 1 of the Complaint.[2]

## II.      JURISDICTION AND VENUE

2.      Defendant avers that the allegations set forth in Paragraph 2 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant admits that Plaintiffs purport to invoke jurisdiction in the United States District Court for the Eastern District of New York (the "Court").

3.      Defendant avers that the allegations set forth in Paragraph 3 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant admits that Plaintiffs purport to invoke venue in this district.  Defendant denies any remaining allegations set forth in Paragraph 3 of the Complaint.

## III.      PARTIES

4.      Defendant admits that Plaintiff Nicholas Celli is an individual who worked with Defendant as a MRR from in or about August 2008 to in or about December 2016.  Defendant avers that it lacks sufficient knowledge or information to form a belief as to the truth of any remaining allegations set forth in Paragraph 4 of the Complaint, and therefore denies those allegations.

5.      Defendant admits that Plaintiff Jonathan Lally is an individual who worked with Defendant as a MRR from in or about May 2008 to in or about December 2016.  Defendant avers that it lacks sufficient knowledge or information to form a belief as to the truth of any remaining allegations set forth in Paragraph 5 of the Complaint, and therefore denies those

---

[2] The allegations set forth in Footnote 1 of the Complaint purport to characterize pleadings, decisions and orders from other litigations.  To the extent a response is required to those allegations, Defendant admits that Plaintiffs' counsel in this action previously brought the lawsuits against Defendant referenced in Footnote 1 of the Complaint, and avers that the public record of each such lawsuit are documents that speak for themselves.  Defendant also admits that Plaintiffs seek to represent classes of other employees as limited by the description set forth in Footnote 1 of the Complaint.  Defendant denies any remaining allegations set forth in Footnote 1 of the Complaint and denies that this matter is suitable for class or collective action treatment.

allegations.

6.      Defendant admits that Plaintiff Tiffany Finch is an individual who worked with Defendant as a CGA from in or about October 2013 to in or about July 2015.  Defendant avers that it lacks sufficient knowledge or information to form a belief as to the truth of any remaining allegations set forth in Paragraph 6 of the Complaint, and therefore denies those allegations.

7.      Defendant admits that Plaintiff Russell Smith is an individual who worked with Defendant as a CGA from in or about March 2011 to in or about September 2015.  Defendant avers that it lacks sufficient knowledge or information to form a belief as to the truth of any remaining allegations set forth in Paragraph 7 of the Complaint, and therefore denies those allegations.

8.      Defendant avers that the allegations set forth in Paragraph 8 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant admits the allegations set forth in Paragraph 8 of the Complaint.

### IV.      STATEMENT OF FACTS

9.      Defendant admits that Plaintiffs Celli and Lally worked with Defendant as MRRs for certain periods in New York and Massachusetts, respectively, and that it employs other MRRs in the United States who have a similar job title.  Defendant avers that the website postings, including job descriptions, referenced in Paragraph 9 of the Complaint, if they exist, are documents that speak for themselves.  Defendant denies any remaining allegations set forth in Paragraph 9 of the Complaint.

10.     Defendant avers that the job description referenced in Paragraph 10 of the Complaint (without a copy being attached), if it exists, is a document that speaks for itself.  Defendant denies any remaining allegations set forth in Paragraph 10 of the Complaint.

11.     Defendant avers that the allegations set forth in Paragraph 11 of the Complaint

constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 11 of the Complaint.

12.     Defendant avers that the allegations set forth in Paragraph 12 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant avers that the United States Department of Labor's Field Operations Handbook referenced in Paragraph 12 of the Complaint is a document that speaks for itself. Defendant denies any remaining allegations set forth in Paragraph 12 of the Complaint.

13.     Defendant admits that it employs CGAs who work in different parts of the United States.  Defendant avers that the job description referenced in Paragraph 13 of the Complaint (without a copy being attached), if it exists, is a document that speaks for itself.  Defendant denies any remaining allegations set forth in Paragraph 13 of the Complaint.

14.     Defendant avers that the allegations set forth in Paragraph 14 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 14 of the Complaint.

15.     Defendant admits that as exempt employees Plaintiffs were paid a salary for all their hours of work and were not entitled to and were not paid overtime.  Defendant denies any remaining allegations set forth in Paragraph 15 of the Complaint.

16.     Defendant denies the allegations set forth in Paragraph 16 of the Complaint.

17.     Defendant denies the allegations set forth in Paragraph 17 of the Complaint.

18.     Except to admit that CGAs and MRRs are properly classified as exempt from federal and state overtime requirements, Defendant denies the allegations set forth in Paragraph 18 of the Complaint.

19.     Defendant denies the allegations set forth in Paragraph 19 of the Complaint.

20.     Defendant denies the allegations set forth in Paragraph 20 of the Complaint.

## COUNT ONE

21.     Defendant admits that Plaintiffs purport to bring overtime claims against Defendant on behalf of themselves and other individuals employed by Defendant as MRRs or CGAs during the past three years and who opt in to this action.  Defendant denies that Plaintiffs are similarly situated to each other or to anyone else and denies all allegations insofar as they assert or imply that collective treatment is appropriate to this action.  Defendant denies any remaining allegations set forth in Paragraph 21 of the Complaint.

22.     Defendant avers that the allegations set forth in Paragraph 22 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant admits that Plaintiffs purport to bring overtime claims against Defendant pursuant to Section 216(b) of the FLSA.  Defendant denies that Plaintiffs are similarly situated to each other or to anyone else and denies all allegations insofar as they assert or imply that collective treatment is appropriate to this action.  Defendant denies any remaining allegations set forth in Paragraph 22 of the Complaint.

23.     Defendant denies the allegations set forth in Paragraph 23 of the Complaint.

24.     Defendant avers that the allegations set forth in Paragraph 24 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant admits that Plaintiffs' counsel in this action previously brought the lawsuits against Defendant referenced in Paragraph 24 of the Complaint, and avers that the public record of each such lawsuit are documents that speak for themselves.  Defendant denies any remaining allegations set forth in Paragraph 24 of the Complaint.

25.     Defendant avers that the allegations set forth in Paragraph 25 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, and subject to and without waiving any applicable privilege, Defendant denies the

allegations set forth in Paragraph 25 of the Complaint.

26.     Defendant avers that the allegations set forth in Paragraph 26 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies that Plaintiffs and any other individuals are entitled to recover any damages or relief of any kind, and denies any remaining allegations set forth in Paragraph 26 of the Complaint.

## COUNT TWO
## THE NEW YORK CLASS

27.     Defendant avers that the allegations set forth in Paragraph 27 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff Celli purports to bring claims on behalf of himself and other individuals employed by Defendant as MRRs for the past six years in New York. Defendant denies that Plaintiffs are similarly situated to each other or to anyone else and denies all allegations insofar as they assert or imply that class treatment is appropriate to this action. Defendant denies any remaining allegations set forth in Paragraph 27 of the Complaint.

28.     Defendant avers that the allegations set forth in Paragraph 28 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff Celli purports to bring overtime claims pursuant to the NYLL and related regulations and Federal Rule of Civil Procedure 23.  Defendant denies that Plaintiffs are similarly situated to each other or to anyone else and denies all allegations insofar as they assert or imply that class treatment is appropriate to this action.  Defendant denies any remaining allegations set forth in Paragraph 28 of the Complaint.

29.     Defendant avers that the allegations set forth in Paragraph 29 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 29 of the Complaint.

30.     Defendant avers that the allegations set forth in Paragraph 30 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 30 of the Complaint.

31.     Defendant avers that the allegations set forth in Paragraph 31 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 31 of the Complaint.

32.     Defendant avers that the allegations set forth in Paragraph 32 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 32 of the Complaint.

33.     Defendant avers that the allegations set forth in Paragraph 33 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant avers that it lacks sufficient knowledge or information to form a belief as to Plaintiffs' allegations concerning their counsel, and therefore denies those allegations. Defendant denies any remaining allegations set forth in Paragraph 33 of the Complaint.

34.     Defendant avers that the allegations set forth in Paragraph 34 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 34 of the Complaint.

35.     Defendant avers that the allegations set forth in Paragraph 35 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 35 of the Complaint.

**COUNT THREE**
**FAILURE TO PAY OVERTIME ON BEHALF OF THE MASSACHUSETTS CLASS**

36.     Defendant avers that the allegations set forth in Paragraph 36 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant admits Plaintiff Lally purports to bring claims on behalf of himself and other

individuals employed by Defendant as MRRs for the past three years in Massachusetts. Defendant denies that Plaintiffs are similarly situated to each other or to anyone else and denies all allegations insofar as they assert or imply that class treatment is appropriate to this action. Defendant denies any remaining allegations set forth in Paragraph 36 of the Complaint.

37.      Defendant avers that the allegations set forth in Paragraph 37 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant admits Plaintiff Celli purports to bring overtime claims pursuant to the MOL and Federal Rule of Civil Procedure 23.  Defendant denies that Plaintiffs are similarly situated to each other or to anyone else and denies all allegations insofar as they assert or imply that class treatment is appropriate to this action.  Defendant denies any remaining allegations set forth in Paragraph 37 of the Complaint.

38.      Defendant avers that the allegations set forth in Paragraph 38 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 38 of the Complaint.

39.      Defendant avers that the allegations set forth in Paragraph 39 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 39 of the Complaint.

40.      Defendant avers that the allegations set forth in Paragraph 40 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 40 of the Complaint.

41.      Defendant avers that the allegations set forth in Paragraph 41 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 41 of the Complaint.

42.     Defendant avers that the allegations set forth in Paragraph 42 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant avers that it lacks sufficient knowledge or information to form a belief as to Plaintiffs' allegations concerning their counsel, and therefore denies those allegations. Defendant denies any remaining allegations set forth in Paragraph 42 of the Complaint.

43.     Defendant avers that the allegations set forth in Paragraph 43 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 43 of the Complaint.

44.     Defendant avers that the allegations set forth in Paragraph 44 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 44 of the Complaint.

## DEMAND FOR RELIEF

Defendant denies all the allegations and assertions contained in Plaintiffs' Demand for Relief and denies that Plaintiffs or those they seek to represent are entitled to any relief of any kind whatsoever, including any of the relief sought in sub-paragraphs (a) – (m) of the Demand for Relief.

## JURY DEMAND

Defendant admits that Plaintiffs seek a jury trial and denies that Plaintiffs are entitled to a jury trial on some or all of their claims.

## GENERAL DENIAL

Defendant denies each and every allegation contained in the Complaint that is not specifically admitted herein.

## DEFENSES

Defendant asserts the following defenses without conceding that Defendant bears the burden of proof as to any of the following defenses.  Defendant reserves the right to assert such additional defenses that may appear and prove applicable during the course of this litigation.

### FIRST DEFENSE

Plaintiffs have failed, in whole or in part, to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims, and those of the members of the putative collective class they purport to represent, are barred because those individuals are exempt from overtime requirements.

### THIRD DEFENSE

If Defendant is found to have failed to pay Plaintiffs or any putative member of the collective class whom they purport to represent any wages owed, which Defendant expressly denies, Defendant nevertheless acted at all times in good faith and had no actual or constructive notice of any violation. The actions taken or omitted by Defendant were also in good faith conformity with administrative regulations and/or guidance and/or interpretations issued by the U.S. Department of Labor, the New York Department of Labor and/or the Massachusetts Department of Labor.

### FOURTH DEFENSE

Plaintiffs' claims, and those of the members of the putative collective class whom they purport to represent, are barred in whole or in part by applicable statutes of limitation.

**FIFTH DEFENSE**

Plaintiffs' claims, and those of the members of the putative collective class whom they purport to represent, are barred in whole or in part by the equitable doctrines of unclean hands, unjust enrichment, laches, offset and/or set off and/or estoppel.

**SIXTH DEFENSE**

Plaintiffs' claims, and those of the members of the putative collective class whom they purport to represent, are barred in whole or in part because they have not suffered any injury or damage as a result of any actions allegedly taken by Defendant.

**SEVENTH DEFENSE**

Plaintiffs' claims, and those of the members of the putative collective class whom they purport to represent, are barred in whole or in part because the Complaint is uncertain in that the purported class/collective definition is ambiguous, includes positions never held by Plaintiffs and is conclusory.

**EIGHTH DEFENSE**

If this Court were to certify this action as a collective action, any award of liquidated, multiple, or punitive damages would deny Defendant the due process of law.

**NINTH DEFENSE**

Plaintiffs' claims, and those of the members of the putative collective class and/or classes whom they purport to represent, are barred in whole or in part to the extent that any individuals have affirmatively released, waived, or abandoned all or some of the claims raised in the Complaint.

**TENTH DEFENSE**

Plaintiffs are not entitled to certification of this action as a collective action pursuant to Section 216(b) of the FLSA because Plaintiffs' claims, and those of the members of the putative

collective class whom they purport to represent, are not similarly situated to one another, Plaintiffs' claims require individualized inquiries, and/or proof of damages would require separate trials.

## ELEVENTH DEFENSE

Plaintiffs are inadequate and atypical representatives of the collective class they purport to represent and their interests are in conflict with those of the individuals they seek to represent.

## TWELFTH DEFENSE

An award of civil penalties under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Defendant's due process and other rights under the United States Constitution.

## THIRTEENTH DEFENSE

Plaintiffs' claims against Defendant, and those of the members of the putative collective class and/or classes whom they purport to represent, are barred because Plaintiffs lack standing to represent the members of the putative collective class and/or classes.

## FOURTEENTH DEFENSE

Plaintiffs' claims, and those of the members of the putative collective class and/or classes whom they purport to represent, are barred to the extent that these individuals are/were exempt from any entitlement to wages under the FLSA, the NYLL and/or the MOL pursuant to applicable exemptions, including but not limited to the administrative exemption.

## FIFTEENTH DEFENSE

Plaintiffs' claims, and those of the members of the putative collective class and/or classes whom they purport to represent, are barred to the extent they concern hours during which these

individuals were engaged in activities that were preliminary or subsequent to their alleged work activities.

## SIXTEENTH DEFENSE

Plaintiffs' claims, and those of the members of the putative collective class and/or classes whom they purport to represent, are barred in whole or in part to the extent Defendant lacked actual or constructive knowledge of the hours allegedly worked.

## SEVENTEENTH DEFENSE

Plaintiffs' claims, and those of the members of the putative collective class and/or classes whom they purport to represent, must be offset in whole or in part by amounts already collected by Plaintiffs and/or owing to and damages suffered by Defendant.

## EIGHTEENTH DEFENSE

To the extent that Plaintiffs are subject to internal and/or administrative processes and/or remedies, their claims, and those of the members of the putative collective class and/or classes whom they purport to represent, are barred to the extent that any individual failed to exhaust these internal and/or administrative processes/remedies.

## NINETEENTH DEFENSE

If Defendant's alleged failure to pay overtime was unlawful, which Defendant denies, none of Defendant's acts or omissions constitute willful violation of the FLSA, the NYLL or the MOL.

## TWENTIETH DEFENSE

If Defendant's alleged failure to pay overtime was unlawful, which Defendant denies, neither Plaintiffs nor members of the putative collective class and/or classes they seek to represent can demonstrate facts sufficient to warrant an award of liquidated damages.

**TWENTY-FIRST DEFENSE**

Plaintiffs' claims, and those of the members of the putative collective class and/or classes whom they purport to represent, are barred in whole or in part by the doctrines of accord and satisfaction, and/or payment.

**TWENTY-SECOND DEFENSE**

Should the FLSA claim be dismissed, Plaintiffs' NYLL and MOL claims are barred for lack of supplemental and pendent jurisdiction.

**TWENTY-THIRD DEFENSE**

Plaintiffs' claims, and those of the members of the putative collective class and/or classes whom they purport to represent, are barred in whole or in part by their knowing and voluntary agreement to and participation in the compensation agreements which they now claim are illegal.

**TWENTY-FOURTH DEFENSE**

Plaintiffs' claims, and/or those of the members of the putative collective class and/or classes whom they purport to represent, are subject to arbitration agreements that require resolution of their claims on an individual and non-class and non-collective basis.

**TWENTY-FIFTH DEFENSE**

Plaintiffs' claims, and/or those of the members of the putative class they purport to represent, are barred in whole or in part because Plaintiffs fail to satisfy the prerequisites for class certification and, therefore, Plaintiffs lack standing to bring these claims and cannot represent the interest of others as to each of the purported causes of action.

**WHEREFORE**, Defendant respectfully requests that the Complaint be dismissed in its entirety, with prejudice, and that the Court award Defendant the cost of its defense, including reasonable attorneys' fees, and such other relief as the Court deems appropriate.

Dated: New York, NY
          May 19, 2017

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

*/s/ Melissa C. Rodriguez*
Christopher A. Parlo
Melissa C. Rodriguez
101 Park Avenue
New York, NY 10178
Telephone: 212.309.6000
Facsimile: 212.309.6001
melissa.rodriguez@morganlewis.com

*Attorneys for Progressive Casualty Insurance Company*

16

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this 19th day of May 2017, a copy of the foregoing has been

filed via operation of the Court's electronic notification system to the following:

Shannon Liss-Riordan
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
Tel: (617) 994-5800
Fax: (617) 994-5801
sliss@llrlaw.com
www.llrlaw.com

*and*

Richard E. Hayber
Hayber Law Form, LLC
221 Main Street, Suite 502
Hartford, CT 06106
Telephone: (860) 522-8888
rhayber@hayberlawfirm.com

*Attorneys for Plaintiffs*

/s/ Melissa C. Rodriguez
Melissa C. Rodriguez