**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, New York 10178
(212) 309-6000 (Telephone)
(212) 309-6001 (Fax)
*Attorneys for Defendant Progressive Casualty Insurance Company*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------X

NICHOLAS CELLI, JONATHAN LALLY,
TIFFANY FINCH and RUSSELL SMITH,
*individually and on behalf all others similarly*
*situated*,

                   Plaintiffs,

    v.

PROGRESSIVE CASUALTY INSURANCE
COMPANY,

                  Defendant.

------------------------------------------------------------X

:
:
:
:
:
:
:
:
:
:
:
:
:

2:17-cv-01144-SJF-GRB

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
## MOTION TO DISMISS THE CLAIMS OF CGA
## <u>PLAINTIFFS TIFFANY FINCH AND RUSSELL SMITH</u>

MORGAN, LEWIS & BOCKIUS LLP
Christopher A. Parlo
Melissa C. Rodriguez

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................1

STATEMENT OF FACTS ........................................................................3

ARGUMENT ..........................................................................................4

I.      STANDARD OF REVIEW ...............................................................4

II.     MS. FINCH AND MR. SMITH HAVE FAILED TO STATE A
PLAUSIBLE CLAIM BECAUSE THE COMPLAINT AND
REFERENCED JOB DESCRIPTION CONFIRM THEY WERE
EXEMPT UNDER THE FLSA'S ADMINISTRATIVE EXEMPTION
AND THEY HAVE PLED NO FACTS TO THE CONTRARY ........................6

      A.     The DOL And Courts Have Repeatedly Found That Claims
Adjusters, Like Ms. Finch And Mr. Smith, Are Exempt Under the
Administrative Exemption. .................................................................6

            1.     The Administrative Exemption .................................................6

            2.     Claims Adjusters, Like Plaintiffs Smith and Finch, Are
Exempt Under the Administrative Exemption. ............................9

            3.     Ms. Finch's and Mr. Smith's CGA Duties As Described in
the Complaint and Job Description Clearly Fit Within the
Administrative Exemption and Bar Their Overtime Claims
as a Matter of Law. ...............................................................12

                  (i)     As CGAs, Mr. Smith and Ms. Finch Performed
Office or Non-Manual Work Directly Related to the
Management or General Operations of Progressive
and Its Customers ........................................................12

                  (ii)    Ms. Finch and Mr. Smith Customarily and
Regularly Exercised Discretion and Independent
Judgment As Part of Their Primary Job Duties. ................16

III.    PLAINTIFFS HAVE PLED NO FACTS TO AVOID 29 C.F.R. §
541.203(a)...............................................................................19

CONCLUSION .....................................................................................20

i

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ...................................................................................................4, 5

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,*
  493 F.3d 87 (2d Cir. 2007) .............................................................................................5

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007) .......................................................................................................4

*Berman v. Sugo LLC,*
  580 F. Supp. 2d 191 (S.D.N.Y. 2008) ...........................................................................5

*Burnette v. Carothers,*
  192 F.3d 52 (2d Cir. 1999) .............................................................................................4

*Chambers v. Time Warner, Inc.,*
  282 F.3d 147 (2d Cir. 2002) ...........................................................................................5

*Cheatham v. Allstate Ins. Co.,*
  465 F.3d 578 (5th Cir. 2006) ..............................................................................8, 10, 16

*Chen v. Major League Baseball,*
  6 F. Supp. 3d 449 (S.D.N.Y. 2014) ...............................................................................6

*Colabella v. Am. Institute of Certified Pub. Accountants,*
  No. 10-cv-2291, 2011 WL 4532132 (E.D.N.Y. Sept. 28, 2011)....................................5

*Copely v. Fl. Physicians Ins. Co.,*
  No. 07-2100, 2008 WL 544875 (M.D. Fl. Feb. 26, 2008) ..........................................6, 12, 14

*D'Amato v. Five Star Reporting, Inc.,*
  80 F. Supp. 3d 395, 416 (E.D.N.Y. 2015) ...............................................................14, 15

*Estrada v. Maguire Ins. Agency, Inc.,*
  No. 12-604, 2014 WL 795996 (E.D. Pa. Feb. 28, 2014)...........................................11, 16, 17

*Golden v. Merrill Lynch & Co., Inc.,*
  No. 06 Civ 2970, 2007 WL 4299443 (S.D.N.Y. Dec. 6, 2007) ....................................3

*Guillen v. Marshalls of MA, Inc.,*
  841 F. Supp. 2d 797 (S.D.N.Y. 2012) ............................................................................2

*Icicle Seafoods, Inc. v. Worthington,*
  475 U.S. 709 (1986) .......................................................................................................4

*In re Farmers Ins. Exch., Claims Representatives, Overtime Pay Litig.*,
  481 F.3d 1119 (9th Cir. 2007) ............................................................................... 10, 11, 14, 15

*Jenkins v. TJX Companies, Inc.*,
  853 F. Supp. 2d 317 (E.D.N.Y. 2012) ................................................................................... 2

*Jureli, LLC v. Schaefer*,
  53 F. Supp. 3d 552, 556 (E.D.N.Y. 2014) ............................................................................ 4

*Locke v. Am. Bankers Ins. Co. of Fl.*,
  No. 1:12-cv-01430, 2014 WL 2091346 (E.D. Cal. May 19, 2014) ........................... 10, 17, 18

*Marino v. C. Univ. of N.Y.*,
  18 F. Supp. 3d 320, 335 (E.D.N.Y. 2014) ............................................................................ 5

*Marting v. Crawford & Co.*,
  No. 00 C 7132, 2006 WL 681060 (N.D. Ill. Mar. 14, 2006) ................................................ 11

*McAllister v. Transamerica Occidental Life Ins. Co.*,
  325 F.3d 997 (8th Cir. 2003) ......................................................................................... 8, 10

*McCluskey v. Town of East Hampton*,
  No. 13-cv-1248, 2014 WL 3921363 (E.D.N.Y. 2014) (Feuerstein, J.) .................................. 4

*Morales v. Zondo, Inc.*,
  No. 00-3494, 2001 WL 64745 (S.D.N.Y. Jan. 25, 2001) ...................................................... 4

*Mullins v. City of N.Y.*,
  653 F.3d 104 (2d Cir. 2011) ................................................................................................ 10

*Musgraves v. Sears Holding Mgmt. Corp.*,
  No. 11 Civ. 0625, 2012 WL 3222905 (C.D. Cal. July 19, 2012) ........................................... 3

*Napert v. GEICO*,
  36 F. Supp. 3d 237 (D. Mass. 2014) ................................................................................... 11

*Palacio v. Progressive Ins. Co.*,
  244 F. Supp. 2d 1040 (C.D. Cal. 2002) ......................................................................... 10, 16

*Roe-Midgett v. CC Servs., Inc.*,
  512 F.3d 865 (7th Cir. 2008) ....................................................................................... 8, 10, 14

*Scott v. SSP America, Inc.*,
  No. 09 Civ. 4399, 2011 WL 1204406 (E.D.N.Y. Mar. 29, 2011) ........................................... 2

*Smith v. Gov't Emps. Ins. Co.*,
  590 F.3d 886 (DC Cir. 2010) .............................................................................................. 10

*Steigmann v. Democratic Party of Illinois*,
  406 F. Supp. 2d 975 (N.D. Ill. 2005) .................................................................................... 5

*Stein v. J.C. Penney Co.*,
   557 F. Supp. 398 (W.D. Tenn. 1983) .................................................................. 2

*Talbert v. Am. Risk Ins. Co., Inc.*,
   405 Fed. App'x 848 (5th Cir. 2010) .................................................................. 8

*Withrow v. Sedgwick Claims Mgmt. Serv., Inc.*,
   841 F. Supp. 2d 972 (S.D. W. Va. 2012) ................................................ 11, 17, 18

*Wright v. Aargo Sec. Servs., Inc.*,
   No. 99-9115, 2001 WL 91705 (S.D.N.Y. Feb. 2, 2001) ...................................... 4

**STATUTES**

29 U.S.C. § 213(a)(1) ........................................................................................ 6

29 U.S.C. § 251(a) ........................................................................................... 20

29 U.S.C. § 259 .................................................................................... 2, 19, 20

29 U.S.C. §260 ................................................................................................ 20

29 U.S.C. § 541.202(a) ................................................................................. 7, 18

29 U.S.C. § 541.202(c) ................................................................................... 7, 8

Fair Labor Standards Act ..........................................................................passim

Family Medical Leave Act ............................................................................... 19

FLSA 2002-11 .................................................................................................. 9

FLSA 2005-25 .............................................................................................. 9, 14

**OTHER AUTHORITIES**

29 C.F.R. § 541.200 ........................................................................................ 18

29 C.F.R. § 541.200(a) .................................................................................. 6, 7

29 C.F.R. § 541.200(a)(2) ............................................................................. 7, 18

29 C.F.R. § 541.201(a) ..................................................................................... 7

29 C.F.R. § 541.201(b) ..................................................................................... 7

29 C.F.R. § 541.202(b) .................................................................................... 18

29 C.F.R. § 541.203(a) ..........................................................................passim

29 C.F.R. § 541.205(b) ..................................................................................... 7

29 C.F.R. § 541.602...................................................................................................................18

29 C.F.R. § 541.700(a)...............................................................................................................7

29 C.F.R. § 541.704...................................................................................................................8

Fed. R. Civ. P. 12(b)(6).........................................................................................................1, 4

Fed. R. Civ. P. 12(c)..................................................................................................................4

## PRELIMINARY STATEMENT

Pursuant to Fed. R. Civ. P. 12(b)(6) and this Court's directive during the June 27, 2017 initial conference (Dkt. No. 25), Defendant Progressive Casualty Insurance Company ("Defendant" or "Progressive") hereby moves to dismiss the claims of Claims Generalist Associate ("CGA") Plaintiffs Tiffany Finch and Russell Smith. Because (i) the allegations in the Complaint  ("Complaint" or "Compl."); (ii) the job description referenced therein; and (iii) other materials of which this Court may take judicial notice, all confirm that Plaintiffs Finch and Smith are exempt from the overtime requirements of the Fair Labor Standards Act ("FLSA"), their claims should be dismissed in their entirety.[1]

In their roles as CGAs, Plaintiffs Finch and Smith performed duties and received compensation that fit them squarely within the FLSA's administrative exemption for insurance claims adjusters as defined by the United States Department of Labor ("DOL") in 29 C.F.R. § 541.203(a). Specifically, the factual allegations in their Complaint, the job description Plaintiffs reference therein and well-settled administrative exemption precedent confirm that Ms. Finch and Mr. Smith performed the exempt functions of insurance claims adjusters – a role repeatedly recognized by the DOL and courts across the country as exempt from overtime requirements. The Complaint contains no allegations claiming – let alone any facts establishing – that Ms. Finch and/or Mr. Smith performed any other duties or had some different job. Accordingly, the facts as pled and as set forth in the job description preclude Ms. Finch's and Mr. Smith's overtime claims as a matter of law and, therefore, those claims should be dismissed.

While Defendant expects the Plaintiffs to claim that this Motion is premature and that they should be entitled to discovery as to the facts concerning how Ms. Finch and Mr. Smith

---

[1] The instant motion is limited to CGA Plaintiffs Finch and Smith, who Plaintiffs mistakenly refer to as "File Owners." As Plaintiffs Nicholas Celli and Jonathan Lally are alleged to have performed different roles as MRRs (*see* Compl. (at Dkt. No. 1) ¶¶ 11-12), and not as CGAs, their claims are not the subject of this Motion.

carried out their daily activities, there is no question that this Court (and not any jury) is the decision-maker on whether the CGA position, as constructed by Defendant and as set forth in its job description, is an exempt role.  That job description tracks the characteristics of an exempt insurance claims adjuster role as set forth in the binding Regulations implementing the FLSA and in other guidance issued by the DOL and the courts.  Employers who create jobs that are structured in accord with DOL guidance should not be subject to any liability, and it is up to this Court to determine if that is the case.  *See, e.g.*, 29 U.S.C. § 259 (which prevents an employer from being subject to any liability or punishment if it has acted in reliance upon any regulation or interpretation of the DOL or upon any enforcement policy of that agency).  As the DOL has provided definitive guidance on this position, and as the Complaint contains no facts establishing that Plaintiffs Smith or Finch had any other role or performed any different duties, the claims of Ms. Finch and Mr. Smith should be dismissed.[2]

---

[2] The Complaint does not disclaim that CGAs perform the duties listed in the job description. Rather, it claims that these are not the duties of an FLSA-exempt employee—an argument which is, as a matter of well-settled law, incorrect.  If, however, to avoid dismissal, Plaintiffs actually amend the Complaint with facts showing that they do not perform the duties in the job description, then they will have conceded that an individualized inquiry is necessary to determine what duties any particular CGA (including Ms. Finch or Mr. Smith) *actually* performed—a concession that would render any purported class treatment untenable.  Simply put, if the CGA claims survive this Motion, then those claims cannot be brought on a class-wide basis.  *See, e.g, Jenkins v. TJX Companies, Inc.*, 853 F. Supp. 2d 317, 324 (E.D.N.Y. 2012) (denying conditional certification of class of Assistant Store Managers ("ASMs") after concluding that ASM who alleged that he performed non-exempt work in contravention to company policy failed to show the existence of a common de facto policy allowing non-exempt work) (*citing Guillen v. Marshalls of MA, Inc.*, 841 F. Supp. 2d 797, 800-01 (S.D.N.Y. 2012) (concluding that plaintiff's argument that he only needed to show that he performed non-exempt tasks in contravention of a company policy "ignores the requirement that plaintiff show that he is similarly situated to the employees he proposes to include in the collective action with respect to his claim that he performed non-exempt duties").  Moreover, courts regularly hold that an employee cannot defeat his exempt status by failing to comply with the employer's reasonable expectations of the job, including as set forth in a job description.  *See, e.g., Scott v. SSP America, Inc.*, No. 09 Civ. 4399, 2011 WL 1204406, at *10 (E.D.N.Y. Mar. 29, 2011) (concluding that exemption applied even though plaintiff performed some non-exempt work where plaintiff was not directed by any supervisor to do so); *Stein v. J.C. Penney Co.*, 557 F. Supp. 398, 402, 405 (W.D. Tenn. 1983) (holding that employee's voluntary performance of significant non-exempt work, despite the fact

## STATEMENT OF FACTS

The relevant facts for purposes of this motion are incredibly simple.  Plaintiffs Smith and

Finch were both employed by Progressive as CGAs.  Compl. ¶¶ 6-7.   As alleged in their

Complaint and confirmed by the job description referenced therein, their duties as CGAs

included, *inter alia*:

- Acting as the "File Owner" for assigned claims;

- Performing initial and ongoing file assessments for assigned claims;

- Preparing and updating action plans for assigned claims;

- Investigating, analyzing, and determining the extent of Progressive's liability concerning loss or damages

- Corresponding with, or interviewing claimants/insureds, medical specialists, agents, police, medical professionals such as physicians and nurses and other witnesses

- Reviewing police reports, doctors records, etc.;

- Reviewing factual information and performing damages assessments;

- Serving as the primary point of contact for claimants;

- Evaluating and making coverage and liability determinations and communicating those decisions to claimants;

- Assessing claim exposure and adjusting reserves, as appropriate;

- Verifying that paid damages were consistent with reported facts of loss and points of impact;

- Maintaining and documenting claims files, including preparing claims reports;

- Evaluating and negotiating settlements with injured persons, including regarding early settlement opportunities;

---

that *a job description* included considerable exempt managerial functions, does not convert his job into a non-exempt position); *Musgraves v. Sears Holding Mgmt. Corp.*, No. 11 Civ. 0625, 2012 WL 3222905, at *1 (C.D. Cal. July 19, 2012) (concluding that "an employee cannot, through incompetence, attain non-exempt status" after finding that the employer's expectations for the position, as set forth *in a job description,* were reasonable); *Ramirez v. Yosemite Water Co.*, Inc., 978 P.2d 2, 13 (Cal. 1999) (the court must consider "the employer's realistic expectations" in determining employee's exempt status); *Golden v. Merrill Lynch & Co., Inc.*, No. 06 Civ 2970, 2007 WL 4299443, at *15-16 (S.D.N.Y. Dec. 6, 2007) (concluding that "if [plaintiff] had spent time on non-managerial work, she would not have been meeting [the employer's] reasonable expectations" as set forth *in plaintiff's job description* and performance evaluations).

- Investigating "questionable" claims and referring such claims to investigators; and
- Calculating benefit payments and approving payment of claims within monetary limits.

Compl. ¶ 13; Job Descriptions, Exhibits ("Exs.") A-B to the Declaration of Matthew H. Downing ("Downing Decl.").  As is set forth below, these job duties fit Plaintiffs Finch and Smith squarely within the administrative exemption as construed by the DOL and numerous appellate and district courts.

## ARGUMENT

### I.    STANDARD OF REVIEW

Whether an employee's compensation and duties ultimately fit the employee within the FLSA's administrative exemption is a question of law for this Court, and not a jury, to decide. *See, e.g., Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709, 714 (1986); *Wright v. Aargo Sec. Servs., Inc.*, No. 99-9115, 2001 WL 91705, at *11 (S.D.N.Y. Feb. 2, 2001); *Morales v. Zondo, Inc.,* No. 00-3494, 2001 WL 64745, at *4 (S.D.N.Y. Jan. 25, 2001).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim must be dismissed for failure to state a claim upon which relief may be granted if it fails to set forth "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007*).[3]* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  Legal conclusions masquerading as fact are not sufficient for a claim to survive a motion

---

[3] If the Court wishes, the instant Motion also may be considered under Fed. R. Civ. P. 12(c), as the standard is the same as that governing a motion to dismiss made under Rule 12(b)(6).  *See Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999); *McCluskey v. Town of East Hampton*, No. 13-cv-1248, 2014 WL 3921363, at *6 (E.D.N.Y. 2014) (Feuerstein, J.); *see also Jureli, LLC v. Schaefer*, 53 F. Supp. 3d 552, 556 (E.D.N.Y. 2014) (on 12(c) motion, considering documents that were "available to and clearly known of" by parties to the action).

4

to dismiss. *Marino v. C. Univ. of N.Y.*, 18 F. Supp. 3d 320, 335 (E.D.N.Y. 2014) (the court is "not bound to accept as true legal conclusion couched as factual allegation") (citing *Iqbal*). Nor is the Court required to accept allegations that are contradicted by documents upon which the pleadings rely. *Colabella v. Am. Institute of Certified Pub. Accountants*, No. 10-cv-2291, 2011 WL 4532132 at *10 (E.D.N.Y. Sept. 28, 2011) (court need not accept as truth pleadings that are contradicted by statements in the complaint or by documents upon which its pleading relies).

To determine if a claim is legally sufficient, a court may consider any document attached to the complaint as an exhibit, documents or statements incorporated in the complaint by reference, any matters of which judicial notice may be taken, and any documents either in a plaintiff's possession or of which he or she had knowledge and relied upon in bringing suit. *See, e.g., ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir. 2002) (considering contracts not attached to the complaint when the complaint referenced their terms); *see also Berman v. Sugo LLC*, 580 F. Supp. 2d 191 (S.D.N.Y. 2008) (considering on a motion to dismiss a letter of understanding that had been signed by the plaintiff and attached as an exhibit to an affidavit in a different case). The Court may specifically consider the job description for the CGA position, from which Plaintiffs list some of the job duties of CGAs, and need not accept Plaintiffs' unsupported opinion that the position is non-exempt. Compl. ¶ 13. *See Steigmann v. Democratic Party of Illinois*, 406 F. Supp. 2d 975, 986 (N.D. Ill. 2005) (considering job description on a motion to dismiss even though job description was not attached to the complaint where the complaint referred to the job description and the document was central to plaintiff's claim).

Here, the factual allegations of the Complaint and the job description expressly referenced therein establish that Plaintiffs Finch and Smith were exempt from the FLSA's overtime requirements. Plaintiffs have pled no facts in the Complaint to avoid this conclusion.

As a result, they cannot sustain their wage claims as a matter of law, and the Court should grant Defendant's motion to dismiss. *See, e.g., Copely v. Fl. Physicians Ins. Co.*, No. 07-2100, 2008 WL 544875 at *2 (M.D. Fl. Feb. 26, 2008) (granting motion to dismiss FLSA claims where the complaint conceded the plaintiffs were insurance claims adjusters and no facts to the contrary were asserted); *see also Chen v. Major League Baseball*, 6 F. Supp. 3d 449 (S.D.N.Y. 2014) (granting 12(b)(6) motion to dismiss plaintiff's FLSA claims after concluding that allegations in the complaint demonstrated that the plaintiff was exempt from the FLSA).

## II.   MS. FINCH AND MR. SMITH HAVE FAILED TO STATE A PLAUSIBLE CLAIM BECAUSE THE COMPLAINT AND REFERENCED JOB DESCRIPTION  CONFIRM THEY WERE EXEMPT UNDER THE FLSA'S ADMINISTRATIVE EXEMPTION AND THEY HAVE PLED NO FACTS TO THE CONTRARY

### A.   The DOL And Courts Have Repeatedly Found That Claims Adjusters, Like Ms. Finch And Mr. Smith, Are Exempt Under the Administrative Exemption.

#### 1.   The Administrative Exemption

The FLSA exempts from its overtime requirements "any employee employed in a bona fide . . . administrative . . . capacity." 29 U.S.C. § 213(a)(1). Pursuant to the DOL Regulations implementing the FLSA (the "Regulations"), an employee meeting this "administrative exemption" possesses the following characteristics:

1. The employee is compensated on a salary basis at a rate not less than $455 per week;
2. The employee's primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and
3. The employee's primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

29 C.F.R. § 541.200(a).

To meet the second prong of the administrative exemption, an employee's primary duty must involve the performance of office or non-manual work directly related to the management or general operations of the company or its customers. *Id.* An employee's "primary duty," for

6

purposes of the administrative exemption analysis is defined as "the principal, main, major, or most important duty that the employee performs."  29 C.F.R. § 541.700(a).  The focus of the inquiry into whether an employee's primary duty is "directly related" to the company's general business operations is on "the type of work performed by the employee," in particular whether it is "directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment."  29 C.F.R. § 541.200(a)(2); 29 C.F.R. § 541.201(a).

Administrative operations of a business include the work of employees "engaged in 'servicing' a business as, for example, advising the management, planning, negotiating, representing the company, purchasing, promoting sales, and business research and control."  29 C.F.R. § 541.205(b); *see also* DOL Opinion Letter 2005-25 ("servicing the employer's customer's business" relates to management or general business operations).  The DOL provides examples of "functional" job duties it considers "directly related" to an employer's general business operations, including "tax; finance; accounting; budgeting; auditing; *insurance*; *quality control*; purchasing; procurement; advertising; marketing; *research*; safety and health; personnel management; human resources; employee benefits; labor relations; public relations, government relations; computer network, internet and database administration; *legal and regulatory compliance*; and similar activities."  29 C.F.R. § 541.201(b) (emphasis added).

To meet the third prong of the administrative exemption, the employee's primary duty must include the exercise of discretion and independent judgment with respect to matters of significance.  29 C.F.R. § 541.200(a).  "[T]he exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered."  29 U.S.C. § 541.202(a).  Implicit in this requirement is that "the employee has authority to make independent choice, free from immediate direction or supervision."  29 U.S.C. § 541.202(c).  This requirement, however,

"does not require that decisions made by an employee have a finality that goes with unlimited authority and a complete absence of review," and the "decisions made as a result of the exercise of discretion and independent judgment may consist of recommendations for action rather than the actual taking of action."  *Id.*; *see also McAllister*, 325 F.3d at 1001.

On this point, employees may exercise discretion and independent judgment in their duties even if their actions or recommendations are subject to supervisor review.  The DOL also explicitly addresses this point in the relevant Regulations:

> ". . . employees can exercise discretion and independent judgment even if their decisions or recommendations are reviewed at a higher level. Thus, the term "discretion and independent judgment" does not require that the decisions made by an employee have a finality that goes with unlimited authority and a complete absence of review . . . [t]he fact that an employee's decision may be subject to review and that upon occasion the decisions are revised or reversed after review does not mean that the employee is not exercising discretion and independent judgment."

*Id.* at § 541.202(c).  *See also Talbert v. Am. Risk Ins. Co., Inc.*, 405 Fed. App'x 848, 854 (5th Cir. 2010) (insurance claims adjuster exercised discretion when his job included recommendations regarding coverage and interviewing policyholders, even if the employee was rarely required to do so).

Similarly, the use of guides or handbooks does not mean that an employee is not exercising discretion in carrying out their duties.  29 C.F.R. § 541.704; *see also Roe-Midgett*, 512 F.3d at 874 ("independent judgment is not foreclosed by the fact that an employee's work is performed in accordance with strict guidelines"); *Cheatham,* 465 F.3d at 585 ("the requirement that [claims] adjusters must consult with manuals or guidelines does not preclude their exercise of discretion and independent judgment").

As demonstrated herein (*see* Section II(A)(3), *infra*), the duties Ms. Finch and Mr. Smith allege they performed fall squarely within both the DOL's definitions of exempt administrative work and its illustrative examples.

      **2.**       **Claims Adjusters, Like Plaintiffs Smith and Finch, Are Exempt Under the Administrative Exemption**.

In 29 C.F.R. § 541.203(a), the Secretary of Labor specifically addressed the exemption status of insurance claims adjusters, listing their typical duties and explaining that these "generally meet the duties requirements for the administrative exemption."  More specifically, 29 C.F.R. § 541.203(a) provides that insurance claims adjusters generally meet the duties requirements for the administrative exemption if their duties include:

- Interviewing claimants and witnesses
- Inspecting property damage;
- Reviewing factual information to prepare property damage estimates;
- Evaluating and making recommendations regarding coverage;
- Determining liability and the total value of a claim;
- Negotiating settlements; and
- Making recommendations regarding litigation.

29 C.F.R. § 541.203(a).  As shown herein (*see* Section II(A)(3), *infra),* these duties are all specifically reflected in the Complaint and referenced job description.

Not only do the FLSA Regulations identify insurance claim adjusters – like Ms. Finch and Mr. Smith – as prototypical examples of administratively exempt employees (*see* Section II(A)(1), *supra*), but the DOL has also repeatedly opined that claims adjusters performing similar duties are exempt.  *See* DOL Opinion Letter, FLSA 2005-25 (August 26, 2005) (opining that three out of three categories of insurance claims adjusters performed administrative (non-manual) office work, and that two of the three categories exercised sufficient discretion on matters of significance when they used their own judgment on determining liability, the worth of a claim, and how to handle negotiations with claimants); DOL Opinion Letter, FLSA 2002-11 (noting that the "Wage and Hour [Division of the DOL] has long recognized that claims

adjusters typically perform work that is administrative in nature").[4]

In addition, since 2003, five circuit courts have concluded that insurance claims adjusters are administrative employees exempt from overtime pay. *See Smith v. Gov't Emps. Ins. Co.*, 590 F.3d 886, 897 (DC Cir. 2010) ("we conclude that the primary duty of GEICO's auto damage adjusters includes the exercise of discretion and independent judgment, and thus they come within the administrative employee exemption from the overtime pay requirements of the FLSA"); *Roe-Midgett v. CC Servs., Inc.*, 512 F.3d 865 (7th Cir. 2008) (insurance claims adjusters performed administrative duties and exercised sufficient discretion to be exempt under the FLSA); *In re Farmers Ins. Exch., Claims Representatives, Overtime Pay Litig.*, 481 F.3d 1119 (9th Cir. 2007) (finding that insurance claims adjusters "satisf[ied] both prongs of the duties test" under the FLSA); *Cheatham v. Allstate Ins. Co.*, 465 F.3d 578 (5th Cir. 2006) (finding that insurance claims adjusters' duties were directly related to company's general business operations and required the exercise of discretion, satisfying the administrative exemption test); *McAllister v. Transamerica Occidental Life Ins. Co.*, 325 F.3d 997 (8th Cir. 2003) (affirming District Court's finding that insurance claims adjuster exercised sufficient discretion to be administratively exempt from the FLSA).

Multiple district courts across the country have reached the same conclusion. *See, e.g., Palacio v. Progressive Ins. Co.*, 244 F. Supp. 2d 1040 (C.D. Cal. 2002) (finding that a Progressive insurance claims adjuster satisfied all requirements for the administrative exemption);[5] *Locke v. Am. Bankers Ins. Co. of Fl.*, No. 1:12-cv-01430, 2014 WL 2091346, at

---

[4] The DOL's interpretation of its regulations is entitled to deference from the Court. *Mullins v. City of N.Y.*, 653 F.3d 104 (2d Cir. 2011) (DOL's interpretation of FLSA regulations "is entitled to controlling deference" so long as it is not "plainly erroneous or inconsistent" with the Regulations).

[5] The *Palacio* case involving Progressive was specifically cited by the DOL in the preamble to 29 C.F.R. § 541.203.  69 Fed. Reg. Vol. 69, No. 79, 22122, 22144-45 (2004).

*12 (E.D. Cal. May 19, 2014) (holding that insurance claims adjusters evaluating and making recommendations on liability and coverage were administratively exempt); *Estrada v. Maguire Ins. Agency, Inc.*, No. 12-604, 2014 WL 795996, at *9 (E.D. Pa. Feb. 28, 2014) (finding that no reasonable jury could find that insurance claims adjusters' duties, which included interviewing, inspecting property damages, evaluating coverage and settling claims, did not involve the exercise of discretion); *Napert v. GEICO*, 36 F. Supp. 3d 237 (D. Mass. 2014) (holding automobile insurance claims adjuster exempt despite the fact that he did not interview witnesses or physicians, evaluate or determine coverage or make litigation recommendations); *Withrow v. Sedgwick Claims Mgmt. Serv., Inc.*, 841 F. Supp. 2d 972 (S.D. W. Va. 2012) (holding that insurance claims adjusters whose decisions were subject to review nevertheless exercised sufficient discretion to satisfy the administrative exemption test); *Marting v. Crawford & Co.*, No. 00 C 7132, 2006 WL 681060, at * 12 (N.D. Ill. Mar. 14, 2006) (finding an insurance claims adjuster exempt when she negotiated settlements and made liability recommendations).

In the context of exempt status challenges by insurance claims adjusters, courts have specifically observed that the following are activities that require the exercise of discretion and independent judgment with regard to matters of significance: interviewing insureds and witnesses, inspecting property damage through pictures, reviewing factual information to ensure that estimates are reasonable, verifying whether actual damage is consistent with the claimed damage, identifying  potential fraud, evaluating whether coverage would extend to a particular claim, making decisions concerning coverage and/or providing recommendations regarding coverage to supervisors, determining liability through the application of comparative negligence, adjusting reserve levels, and negotiating and settling claims without being required to seek supervisor oversight or intervention.  *See, e.g., Estrada*, 2014 WL 795996; *Napert*, 36 F. Supp. 3d at 245-46; *In re Farmers*, 481 F.3d at 1129.

11

Here, the duties of CGA Plaintiffs Finch and Smith, as alleged in the Complaint and set forth in the referenced job description, mirror the claim adjuster functions that the DOL and the courts have repeatedly found to be exempt administrative functions.  Plaintiffs can't now escape that pleading.

>       **3.      Ms. Finch's and Mr. Smith's CGA Duties As Described in the Complaint and Job Description Clearly Fit Within the Administrative Exemption and Bar Their Overtime Claims as a Matter of Law.**

The Complaint makes clear that, as CGAs, Ms. Finch and Mr. Smith fit neatly within the administrative exemption.

>       (i)     *As CGAs, Mr. Smith and Ms. Finch Performed Office or Non-Manual Work Directly Related to the Management or General Operations of Progressive and Its Customers*

Plaintiffs acknowledge in their Complaint that Ms. Finch and Mr. Smith were insurance "claims adjusters" (Compl. ¶19), so there can be no dispute that 29 C.F.R. § 541.203(a) applies to them if they performed some or all of the duties listed.  *See Copely*, 2008 WL 544875, at *2 (granting motion to dismiss and noting that "Plaintiff has identified herself as an insurance claims adjuster in her Complaint, but has failed to plead sufficient facts demonstrating how or why she should not be classified as an administrative employee exempt from the FLSA").  And, indeed, the factual allegations in the Complaint concerning Ms. Finch's and Mr. Smith's job duties, including the referenced job description for the CGA role, confirm that their duties mirrored the claims adjuster duties identified in the FLSA Regulations as well as in the Opinion Letters issued by the DOL, and in decisions by numerous courts finding claims adjusters to be exempt.  *See* Compl. ¶13; Job Description, Downing Decl. Exs. A-B; 29 C.F.R. § 541.203(a). The following chart highlights the overwhelming and definitive similarity:

| Exempt Duties in FLSA Regulations (29 U.S.C. § 541.203(a)) | CGA Duties in Complaint and Job Description |
|---|---|
| Interviewing insureds, witnesses and physicians | "Interviewing and/or consulting with claimants, witnesses, police reports, doctors records, etc." CGA Job Description, Downing Decl. Exs. A-B. "Timely initial contact with relevant parties" and [e]stablishing themselves as primary point of contact for customers." Compl. ¶13. |
| Inspecting property damage | "Inspecting the damaged vehicle(s) including limited structural damage to the core support, minor unibody damage, A/C and cooling." CGA Job Description, Downing Decl. Exs. A-B. "(…) scene investigations…" Compl. ¶13. |
| Reviewing factual information to prepare damage estimates | "Estimating the cost of repair or replacement of the damaged item, or contacts a relevant specialist to provide the quote. In the case of bodily injury, estimating the cost of treatment or compensation (in the case of a permanent disability)." CGA Job Description, Downing Decl. Exs. A-B. "Accurate damages assessment for all exposures not triaged to a MRR." Compl. ¶13. "Verify[] paid damages are consistent with reported facts of loss and point(s) of impact." Compl. ¶13. |
| Evaluating and making recommendations regarding coverage of claims | "Analyzes information gathered to determine course of action (payment, investigation or denial)." Downing Decl. Exs. A-B. |
| Determining liability and total value of a claim | "Determines the extent of Progressive's liability concerning loss or damages." CGA Job Description, Downing Decl. Exs. A-B. "Complet[e] […] timely and accurate coverage and liability decisions." Compl. ¶13. "Appropriate exposure recognition and reserve adjustment." Compl. ¶13. |
| Negotiating settlements | "Attempts to affect settlement with claimants…Negotiating with the client when claims cannot be settled in full." CGA Job Description, Downing Decl. Exs. A-B. |
| Making recommendations regarding litigation | "Collecting evidence to support contested claims in court." CGA Job Description, Downing Decl. Exs. A-B. |

13

There are no facts asserted in the Complaint that Ms. Finch or Mr. Smith did not perform these duties or that either had some other or different role or job. *See* Compl. They do not plead that the duties set forth in the job description, several of which they list in the Complaint, do not apply to them. *Id.* As a result, this Court may consider and rely upon those materials and can conclude that they are exempt from the overtime obligations of the FLSA and that their claims should be dismissed. *See, e.g., Copely*, 2008 WL 544875, at *2 (granting motion to dismiss FLSA claims where plaintiff failed to plead facts sufficient to distinguish her duties from those widely recognized as exempt duties).[6]

As confirmed in the Complaint and the Progressive CGA job description, Ms. Finch's and Mr. Smith's primary duty as CGAs was to service the Company's business and that of its customers through the performance of claims adjusting duties, which has long been recognized as work directly related to the management and general business operations of employers and their customers in such functional areas as insurance, legal and regulatory compliance. *See* CGA Job Description, at Downing Decl. Exs. A-B; *see also* DOL Opinion Letter, FLSA 2005-25; *Roe-Midgett*, 512 F.3d 865 (insurance claims adjusters "are service providers, and the service they provide is the administration of insurance claims . . . [w]e have no difficulty concluding [that their duties are administrative]"); *In re Farmers Ins.*, 481 F.3d at 1123 (claims adjusters who "represent [the employer] to the public through their handling of claims and directly impact [the employer's] customer base" perform administrative duties).

On this point, Plaintiffs Smith and Finch do not allege that they produced or sold, and they did not produce or sell, insurance policies or any other product. They also do not allege that their duties were producing anything on a factory floor or production line. *See, e.g.*, *D'Amato v. Five Star Reporting, Inc.*, 80 F. Supp. 3d 395, 416 (E.D.N.Y. 2015) (noting the distinction

---

[6] Instead of pleading facts to show that the duties they cite are not performed by them, Plaintiffs posit only their opinion that these duties "do not render them exempt." Compl. ¶14. But that is not their call. They admit these are the duties of a CGA – this Court and only this Court, then decides if those duties fit within 29 C.F.R. § 541.203(a).

between employees directly producing goods and services and those performing administrative work applicable to the running of any business).  Instead, as set forth in the job description they cite, Ms. Finch's and Mr. Smith's duties as CGAs included assessing claims, setting reserves, negotiating repair costs and serving as the face of the Company to claimants.  *See* CGA Job Description, Downing Decl. Exs. A-B (describing how a CGA "Investigates, analyzes and determines the extent of Progressive's liability concerning loss or damages, and attempts to affect settlement with claimants. Corresponds with, or interviews, medical specialists, agents, police, medical professionals, witnesses, or claimants to compile information. Calculates benefit payments and approves payment of claims within a certain monetary limit.").  Such duties are administrative duties and not "production" duties.  *D'Amato,* 80 F. Supp. 3d at 416  (noting that duties in the nature of representing the company, such as customer communications and support ate administrative in nature as distinguished from sales duties which would be production duties); *see also In re Farmers Ins.,* 481 F.3d at 1123 (noting that because adjusters represent the insurer to the public through their handling of claims and directly impact the insurer's customer base, the adjusters' work "affects business operations to a substantial degree, even though their assignments are tasks related to the operation of a particular segment of the business").

Moreover, Plaintiffs Smith and Finch provided essential services for Progressive's policyholders.  As asserted in the Complaint, Ms. Finch's and Mr. Smith's duties included: (i) estimating the cost of repair or replacement of damaged items; (ii) interviewing or corresponding with agents and claimants to correct errors or omissions and investigate questionable claims; (iii) referring questionable claims to investigators for investigation; (iv) evaluating total losses including disposal of salvage; (v) assessing property damage; (vi) authorizing payments and supervising repairs; (vii) negotiating with the client when claims could not be settled in full; and (viii) completing and communicating timely and accurate coverage and liability decisions.  *See*

15

CGA Job Description, Downing Decl. Exs. A-B; Compl. ¶13.  As the court in the *Estrada* insurance claims adjuster case explained, an adjuster who serves as the company's representative, in speaking with claimants and insureds, obtaining damage estimates and making liability determinations, is performing work directly related to the management or general business operations of the company.  *Estrada*, 2014 WL 795996, at * 4 (*citing Cheatham*, 465 F.3d at 585); *see also, e.g., Palacio*, 244 F. Supp. 2d at 1047  ("Progressive is not in the business of claims handling. Rather, it is in the business of writing and selling automobile insurance. . . [c]laims handling occurs . . . as a type of ancillary customer service.").  Thus, the CGA role, including as described by Plaintiffs in the Complaint, meets the primary duty prong of the administrative exemption test.

> (ii)  *Ms. Finch and Mr. Smith Customarily and Regularly Exercised Discretion and Independent Judgment As Part of Their Primary Job Duties.*

As Plaintiffs' factual allegations regarding the various job duties performed by Mr. Smith and Ms. Finch as CGAs make clear, the use of discretion and independent judgment is fundamental to performing that job.  Indeed, like the insurance claims adjusters referenced in the various DOL Opinion Letters and the cases cited above (*see* Sections (II(A)(1)-(2), *supra*), Ms. Finch and Mr. Smith had authority to make decisions and recommendations with regard to matters of significance.  A CGA "[i]nvestigates, analyzes, *and determines* the extent of Progressive's liability . . . and attempts to affect settlement with claimants."  *See* CGA Job Description, Downing Decl. Exs. A-B. (emphasis added); *see also* Compl. ¶13 ("Completing (…) coverage and liability decisions")*.*  CGAs also approve the payment of claims within their authority.  *Id.*   As their allegations in the Complaint and the job description referenced therein make clear, as CGAs, Ms. Finch and Mr. Smith **had the authority to make multiple decisions** with respect to each claim under their supervision, including investigating claims, negotiating

16

settlements with clients, committing Progressive to decisions related to coverage and liability, setting claim reserves and providing advice on litigation should their negotiation efforts with clients prove unsuccessful.  *See* Compl. ¶13 (noting that CGAs complete and communicate coverage and liability decisions, assess and adjust claim reserves, perform damages assessments and verify that damages are paid consistent with the reported facts of loss and points of impact); Job Description, Downing Decl. Exs. A-B. (describing how CGAs investigate, analyze, and determine the extent of Progressive's liability concerning loss or damages, and attempt to affect settlement with claimants).

Those activities demonstrate conclusively that Mr. Smith and Ms. Finch exercised their own independent judgment on a daily basis with respect to handling claims.  *See, e.g., Locke*, 2014 WL 2091346 (claims adjusters exercised discretion in evaluating claims, negotiating and communicating with insureds, even when they were provided guidelines for handling claims from their supervisors); *Estrada*, 2014 WL 795996, at *9 (where plaintiff "interviewed insureds and witnesses, inspected property damage through pictures, reviewed factual information to ensure that estimates were reasonable, evaluated whether coverage would extend to a particular claim, [and] provided recommendations regarding coverage to his supervisor … without being required to seek supervisor oversight or intervention," plaintiff exercised sufficient discretion to meet the administrative exemption); *Withrow*, 841 F. Supp. 2d 972 (creating action plans for closing claims and deciding which cases to refer for fraud investigation were discretionary duties).  Mr. Smith and Ms. Finch have not pled any facts to the contrary.[7]

---

[7] Moreover, Plaintiffs must live with their pleading decisions, which, here, include the decision to differentiate and diminish the role of the MRRs in relation to that of the CGAs.  Specifically, Plaintiffs call Named Plaintiffs Celli and Lally claims "appraisers," a role different from that of a claims adjuster.  Compl. ¶12.  The duties of MRRs, Plaintiffs assert, "do not require the regular exercise of discretion and independent judgment." Compl. ¶12.  No such assertion is made by Plaintiffs about CGAs.  Putting aside the conflict this creates among the Named Plaintiffs, per the principle of *expressio unius est exclusio alterius*, the Court may clearly draw from that

Finally, given their own factual allegations, Ms. Finch and Mr. Smith cannot reasonably dispute that they exercised discretion and independent judgment with respect to "matters of significance," a term that "refers to the level of importance or consequence of the work performed."  29 C.F.R. § 541.202(a).  Matters of significance include matters which can have a "significant financial impact" or involve "represent[ing] the company in handling complaints . . . or resolving grievances."  29 C.F.R. § 541.202(b).  Ms. Finch and Mr. Smith acknowledge in the Complaint that, as CGAs, they had the authority to bind Progressive to determinations regarding coverage and liability, and that they attempted to negotiate settlements and resolve initial disputes with Claimants.  Compl. ¶13.  These decisions can and do have a significant financial impact on Progressive (*e.g.*, whether or not to pay claims and, if so, in what amount) and its customers (*e.g.*, potential premium increases, potential out-of-pocket expenses not covered by the insurance policy).  *See, e.g., Locke*, 2014 WL 2091346 (claims adjusters with the authority to settle claims or even make recommendations are exercising discretion with respect to matters of significance); *accord Withrow*, 841 F. Supp. 2d 972; 29 C.F.R. § 541.202(b).

As the FLSA Regulations, DOL Opinion Letters and decisions from courts across the country make clear, the job duties alleged by Ms. Finch and Mr. Smith and confirmed in the CGA job description satisfy the discretion and independent judgment prong of the administrative exemption test.[8]  Consequently, Ms. Finch and Mr. Smith cannot sustain their FLSA claims as a matter of law.

---

omission that the Plaintiffs concede the exercise of discretion and independent judgment by CGAs.

[8] It is also undisputed that Progressive paid Ms. Finch and Mr. Smith a guaranteed minimum salary of over $455 per week or $23,660 per year (*see* Downing Decl. at ¶ 5), and Plaintiffs have not pled any fact or made any assertion to the contrary.  Accordingly, they also satisfy the salary level and basis test of the administrative exemption.  *See* 29 C.F.R. § 541.200; 29 C.F.R. § 541.602. Plaintiffs Finch and Smith also cannot in good faith dispute that they performed "office or non-manual work," and they have not pled any facts to the contrary.  29 C.F.R. § 541.200(a)(2).

### III.   PLAINTIFFS HAVE PLED NO FACTS TO AVOID 29 C.F.R. § 541.203(a)

As detailed above, Plaintiffs have pled no facts to avoid the CGA job description and, in fact, have directly cited to it. Compl. ¶13.  But they also have pled no facts to avoid 29 C.F.R. § 541.203(a), or to negate the fact that the exempt duties cited by the DOL in that Regulation are all duties expected to be performed by CGAs (as confirmed in the position's job description). *See* Compl.  If those duties were performed as expected, and Plaintiffs have pled no fact to the contrary, Defendant is clearly entitled to have this Court apply the Regulations (as well as the DOL Opinion Letters and court decisions) holding insurance claims adjusters to be exempt.

Indeed, employers who create jobs that are structured in accord with DOL guidance should not be subject to any liability, and it is up to this Court to determine if that is the case. For example, 29 U.S.C. § 259, a Section of the FLSA entitled "Reliance in future on administrative rulings, etc.," provides that, in any action filed under the FLSA after 1947, no employer shall be subject to any liability or punishment for any failure to pay overtime if the act or omission complained of was in reliance upon any regulation or interpretation of the Wage and Hour Division of the DOL, or any enforcement policy of that agency with respect to the class of employers to which that employer belonged.  29 U.S.C. §259.[9]  It is undisputable that the DOL promulgated a Regulation, in 29 C.F.R. §541.203(a), that expressly addresses insurance claims adjusters in the insurance industry.  *See* Section II(A)(2), *supra*.  Moreover, the DOL has issued Opinion Letters again directly addressing the exemption status of insurance claims adjusters.  *Id.* In the absence of any DOL rule, regulation or opinion letter to the contrary (and none exists as to

---

[9] "As part of the administration of the FLSA . . ., interested parties may seek and officials of the Wage and Hour Division may provide official written explanations of what the FLSA . . . requires in fact-specific situations.  Opinion letters serve as a means by which the public can develop a clearer understanding of what FLSA . . . compliance entails. . . . Opinion letters issued by the Administrator may be relied upon, pursuant to Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, as a good faith defense to wage claims arising under the FLSA."  *See* DOL website, "Opinion Letters: Fair Labor Standards Act and Family Medical Leave Act" at https://www.dol.gov/whd/opinion/guidance.htm

the type of duties performed by CGAs), and in the absence of any facts to the contrary (as Plaintiffs have pled none), this Court may apply the Regulations and Opinion Letters of the DOL and the numerous cases that have followed them.  It would be fundamentally unfair, and contrary to the spirit and intent of 29 U.S.C. §§259 and 260, to hold otherwise.[10]  For this additional reason, as Plaintiffs have pled no facts to avoid 29 C.F.R. Section 541.203(a), and the corresponding DOL Opinion Letters on point, the claims of Ms. Finch and Mr. Smith should be dismissed.[11]

## **CONCLUSION**

As described above, Plaintiffs' Complaint and the referenced Progressive CGA job description confirm that, as CGAs, Ms. Finch and Mr. Smith performed insurance claims adjuster duties that rendered them exempt from the FLSA's overtime requirements. Accordingly, the FLSA claims of Ms. Finch and Mr. Smith should be dismissed in their entirety, with prejudice, together with such other and further relief as this Court deems appropriate.

---

[10] *See also* 29 U.S.C. §260 (holding that there can be no recovery of liquidated damages if an employer can show that it had reasonable grounds, such as clear DOL precedent, for believing that its act or omission was not a violation of the FLSA); 29 U.S.C. §251(a), the preamble to the Chapter of the FLSA enacting Section 259 ("The Congress finds that the Fair Labor Standards Act . . . has been interpreted judicially in disregard of long-established customs, practices, and contracts between employers and employees, thereby creating wholly unexpected liabilities, immense in amount and retroactive in operation, upon employers with the results that, if said Act as so interpreted or claims arising under such interpretations were permitted to stand, (1) the payment of such liabilities would bring about financial ruin of many employers and seriously impair the capital resources of many others . . . employees would receive windfall payments, including liquidated damages, of sums for activities performed by them without any expectation of reward beyond that included in their agreed rates of pay . . . there would occur the promotion of increasing demands for payment to employees for engaging in activities no compensation for which had been contemplated by either the employer or employee at the time they were engaged in . . . [and] the courts of the country would be burdened with excessive and needless litigation and champertous practices would be encouraged . . .." 29 U.S.C. §251(a).

[11] Should this Motion not be granted Defendant reserves the right to seek to amend the Answer to plead, and to assert facts to prove by summary judgment, a defense under 29 U.S.C. §§259 and/or 260.

Dated: New York, NY
      August 14, 2017

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

*/s/ Christopher A. Parlo*
Christopher A. Parlo
Melissa C. Rodriguez
101 Park Avenue
New York, NY 10178
Telephone: 212.309.6000
Facsimile: 212.309.6001
chris.parlo@morganlewis.com
melissa.rodriguez@morganlewis.com

*Attorneys for Progressive Casualty Insurance
Company*